COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS. 2-05-475-CR 

       2-05-476-CR

RODERICK DENNIS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
 Appellant Roderick Dennis appeals from his convictions for possession of a controlled substance.  We affirm.

Appellant’s court-appointed appellate counsel has filed motions to withdraw as counsel and a brief in support of the motions.  In the brief, counsel avers that, in her professional opinion, this appeal is frivolous.  Counsel’s brief and motions meet the requirements of 
Anders v. California
(footnote: 2) by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  In addition, this court informed appellant that he may file a pro se brief, but he has not done so.

Once an appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, this court is obligated to undertake an independent examination of the record and essentially to rebrief the case for appellant to see if there is any arguable ground that may be raised on appellant’s behalf.
(footnote: 3)  Because these cases involve the trial court’s adjudication of appellant’s deferred adjudication community supervision, our independent review for potential error is limited to jurisdictional defects, potential errors not affecting the decision to adjudicate, and post-adjudication matters unrelated to appellant’s convictions.
(footnote: 4) 
 The trial court’s decision to adjudicate guilt is not appealable.
(footnote: 5)
 Our independent review of the record reveals that counsel has correctly determined that there are no arguable grounds for relief.  There are no jurisdictional defects.  The indictments conferred jurisdiction on the trial court and provided appellant with sufficient notice to prepare a defense.
(footnote: 6)  In addition, the trial court had jurisdiction to adjudicate appellant’s guilt and sentence him, and the sentences assessed are within the punishment range for the adjudicated offenses.
(footnote: 7)  

Because there is no arguable ground that may be raised on appellant’s behalf in these appeals, we grant counsel’s motions to withdraw and affirm the trial court’s judgments. 

PER CURIAM

PANEL F:  CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  February 22, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
386 U.S. 738, 87 S. Ct. 1396 (1967).

3:
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

4:
See Hargesheimer v. State,
 182 S.W.3d 906, 912 (Tex. Crim. App. 2006); 
id.
 at 914 (Johnson, J., concurring); 
Bray v. State,
 179 S.W.3d 725, 727 (Tex. App.—Fort Worth 2005, no pet.). 

5:
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 5(b) (Vernon 2006); 
Hargesheimer,
 182 S.W.3d at 912.

6:
See
 Tex. Const. 
art. V, § 12(b); 
Tex. Code Crim. Proc. Ann. 
art. 4.05 (Vernon
 2005); 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997). 

7:
See
 Tex. Code Crim. Proc. Ann.
 arts. 4.05, 42.12, § (5)(b); 
Tex. Health & Safety Code Ann.
 § 481.102(3)(D) (Vernon Supp. 2006), 
id.
 § 481.115(c)–(d) (Vernon 2003); 
Tex. Penal Code Ann.
 §§ 12.33–.34 (Vernon 2003).